# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 10/12/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

TO:     1ST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/12/2015 2:04:53 PM
CHRISTOPHER A. PRINE
Clerk

From:    **Deputy Clerk: IRMA MEDINA**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2014-68877

**VOLUME** _____ **PAGE** _____     **OR     IMAGE #** 67344866

**DUE** 1/4/2015     **ATTORNEY/PRO-SE** 1

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE ORDER SIGNED:** 9/18/2015

**MOTION FOR NEW TRIAL FILED:** 9/3/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 10/5/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:  YES** ☐ **NO** ☒  **IMAGED FILED:  YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, O,

CHRIS DANIEL
Harris County, District Clerk

By:   /s/IRMA MEDINA
**IRMA MEDINA, Deputy**

**BC     NOTICE OF APPEAL FILED**
**BG     NOTICE OF APPEAL FILED – GOVERNMENT**
**C     JUDGMENT BEING APPEALED**
**D -     ACCELERATED APPEAL**
**OA     NO CLERK'S RECORD REQUEST FILED**
**O     CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL**)
**NA     AMENDED NOTICE OF APPEAL**

CONFIRMED FILE DATE: 10/5/2015

CAUSE NO. 201468877

ARTIS CHARLES HARRELL

§
§
§
§

vs.

§

§

§
§

S.P. DAIRY ASHFORD d.b.a.
SALON PARK & BRINSON
MANAGEMENT CORPORATION

§
§
§

IN THE 189th JUDICIAL

DISTRICT COURT OF

HARRIS COUNTY, TEXAS

## NOTICE OF APPEAL

Notice is hereby given that plaintiff Artis Charles Harrell, pro se, in the above case, appeals to the Court of Appeals for the First District of Texas at Houston, from the Motion for Summary Judgment signed on August 18, 2015. Plaintiff filed a Motion for New Trial and Affidavit of indigence on August 18, 2015, and no interested party has filed any contest to plaintiff's inability to pay cost on appeal.

Respectfully submitted,

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Executed Date September 28, 2015.

cc: 189th District Court
Chris Daniel - Harris County District Clerk
D. Lee Alford
Court of Appeals for the First District

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

CONFIRMED FILE DATE: 9/3/2015

CAUSE NO. 201468877

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL | § | IN THE 189th JUDICIAL |
| | § | |
| vs. | § | |
| | § | DISTRICT COURT OF |
| S.P. DAIRY ASHFORD d.b.a. | § | |
| SALON PARK & BRINSON | § | |
| MANAGEMENT CORPORATION | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF ARTIS CHARLES HARRELL'S MOTION FOR NEW TRIAL

Artis Charles Harrell ("Harrell") asks the court to grant a new trial in the interest of justice and fairness.

### A. Introduction

1. Plaintiff is Artis Charles Harrell; defendants are S.P. Dairy Ashford d.b.a. Salon Park ("SPDA") & Brinson Management Corporation ("BMC").

2. Plaintiff sued defendants for breach of contract, conversion, tortious interference with existing contract, and to recover examplary damages.

### B. Facts

3. SPDA & BMC filed a motion for summary judgment based on statute of limitations grounds.

4. Harrell filed a response to the motion for summary judgment that the statute of limitations does not apply because (1) he effected service of process upon the defendants, and (2) a unnamed defendant committed common-law fraud in having Harrell's claims against SPDA and BMC dismissed without notice to Harrell.

5. The court granted the motion for summary judgment and signed a summary judgment for SPDA & BMA on August 18, 2015.

6. Harrell attaches his unsworn declaration to this motion to establish facts not appearant from the record and incorporates it by reference.

### C. Argument & Authorties

7. The court should grant a new trial because it erred in granting the motion for summary judgment.

---

Plaintiff Artis Charles Harrell's Motion for New Trial
page 1

8.    The court erred in granting the motion for summary judgment because there is a disputed fact issue about service of process, equitable tolling, common-law fraud and statute of limitations, which must be submitted to the jury. See Park **Place Hosp. v. Estate of Milo,** 909 S.W.2d 508, 511 (Tex. 1995). The movant for summary judgment must show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Provident Life & Acc. Ins. Co. v. Knott,** 128 S.W.3d 211, 215-16 (Tex. 2003). Even if the nonmovant does not file a response and the motion for summary judgment is uncontroverted, the movant still carries the burden of proff. **Clear Creek,** 589 S.W.2d at 678 (Tex. 1979).

In the instant case, once SPDA and BMC accepted service of process on January 24, 2006. It was SPDA's and BMC's choice not to participate in litigations. SPDA nor BMC requested abatement of the suit, nor did SPDA or BMC request the service of process be quashed. SPDA and BMC had notice of Harrell's claims, time to investigate the claims, and reasonable opportunity to defend itself against the claims. SPDA and BMC has asserted the affirmative defense of statute of limitations. I produced the "return of the Citations" served upon SPDA and BMC as evidence that SPDA and BMC was served on January 24, 2006, which is enough to creats a fact issue negating an element in their statute of limitations defense, a fact issue that must be submitted to a jury.

Harrell used diligence in procuring the issuance and service of citations upon SPDA and BMC, Harrell argues that diligence in obtaining service of citation becomes a relevant issue in the context of the statute of limitations when his lawduit was filed prior to the statutory deadline. Here, the service upon SPDA and BMC "relate back" to the date of filing, for purposes of limitations. Harrell served SPDA and BMC with the citations and a copy of the petition on January 24, 2006. At which time SPDA and BMC did not complain about lack of service or improper service, a fact issue that must be submitted to a jury.

9.    The court erred in granting the motion for summary judgment because SPDA and BMC did not meet its burden of proving, as a matter of law, the element of "no service or the lack thereof" or "lack of diligence on Harrell's part" for statute of limitations. **M.D. Anderson Hosp. v. Willrich,** 28 S.W.3d 22, 23 (Tex. 2000); **City of Houston v. McDonald,** 946 S.W2d 419, 420 (Tex.App.—Houston [14th Dist.] 1997, writ denied); **James v. Hitchcock ISD,** 742 S.W.2d 701, 703 (Tex.App.--Houston [1st Dist.] 1987, writ denied). Unless the movant meets its burden, the burden never shifts to the nonmovant. **M.D. Anderson,** 28 S.W.3d at 23; **Casso v. Brand,** 776 S.W.2d 551, 556 (Tex. 1989).

10. The court erred in granting the motion for summary judgment because Harrell asserted the affirmative defense of "Service of Process," Equitable Tolling Doctrine," and "Common-Law Fraud" in his response and provided summary judgment evidence that raised a fact issue on each element of the affirmative defense. See **Brownlee v. Brownlee**, 665 S.W.2d 111, 112 (Tex. 1984). Having served SPDA and BMC with service of process, and the fact that Harrell has produced evidence of common-law fraud are evidence that tolled the statute of limitations.

11. The court erred in granting the defendants' motion for summary judgment and overruling plaintiff's motion for continuance because no part of the discovery has been completed. See **Tenneco Inc. v. Enterprise Prods.**, 925 S.W.2d 640, 647 (Tex. 1996). If the movant for summary judgment abused the discovery process by withholding key evidence, the nonmovant is entitled to a continuance to complete the discovery before the court considers the motion for summary judgment. **Tempay, Inc. v. TNT Concrete & Constr., Inc.**, 37 S.W.3d 517, 522-23 (Tex.App.—Austin 2001, pet denied).

12. The court erred in granting the defendants' motion for summary judgment and overruling plaintiff's motion to compel because the defendants did not oppose plaintiff's motion to compel. See **Cire v. Cummings**, 134 S.W.3d 835, 844 (Tex. 2004) (The party against whom the motion to compel was filed should always file a response). R.g., Harris County Local Rule 3.3.2 (A failure to file a response premits the trial court to conclude there is no opposition to the relief sought in the motion).

## D. Conclusion

13. This motion for new trial makes clear of facts not known or not appearant from the record. The motion establishes that Harrell is entitled to a new trial because the movant has not produced any evidence in support of its motion for summary judgment. And, Harrell has raised and or created a fact issue as to at least one element of the defendants' affirmative defense.

## E. Prayer

14. For these reasons, and in the interest of justice and fairness, Artis Charles Harrell asks the court to grant a new trial.

## Certificate of Service

The undersigned hereby certifies that this document has been forwarded to the following counsel in the manner set forth below on the 31st day of August, 2015.

Respectfully submitted,

Artis C. Harrell

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

D. Lee Alford
Texas Bar No. 01011450
219 North Main
Suite 300
Bryan, Texas 77803

Counsel for defendants
FIRST CLASS MAIL

Plaintiff Artis Charles Harrell's Motion for New Trial
page 4

CAUSE NO. 201468877

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL | § | IN THE 189th JUDICIAL |
| | § | |
| | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| S.P. DAIRY ASHFORD d.b.a. | § | |
| SALON PARK & BRINSON | § | |
| MANAGEMENT CORPORATION | § | HARRIS COUNTY, TEXAS |

PLAINTIFF ARTIS CHARLES HARRELL'S UNSWORN DECLARATION
IN SUPPORT OF MOTION FOR NEW TRIAL
**(ATTACHMENT)**

UNSWORN DECLARATION

STATE OF TEXAS

"My name is ARTIS CHARLES HARRELL, I am of sound mind and capable of making this unsworn declaration. The facts stated in this unsworn declaration are within my personal knowledge and are true and correct.

I initially filed suit against Branch Brinson ("Brinson") an individual, S.P. Dairy Ashford d.b.a. Salon Park ("SPDA") and Brinson Management Corporation ("BMC") on January 6, 2006.

I sued the defendants for breach of contract, conversion, trespass, malicious prosecution, defamation (Libel/slander), mental anguish and civil rights violation.

I've prosecuted that suit with diligence. The court first set my case for trial beginning April 2, 2007. It was then re-set for November 26, 2007. Then again re-set for April 13, 2009. The court then removed my case from the court docket without notice on or about August 30, 2009.

Brinson through D. Lee Alford, filed his answer with the court on February 6, 2006, after being served with Citation on January 24, 2006.

SPDA & BMC never appeared before the court after being served with Citation on January 24, 2006.

After the court refused to set my case for trial. I had obtained a writ of mandamus from the First Court of Appeals, compelling the court to set my case for trial. The First Court of Appeals

Plaintiff Artis Charles Harrell's Unsworn Declaration
in Support of Motion for New Trial **(ATTACHMENT)**
page 1

issued its opinion on January 26, 2012 compelling the court to set my case for trial.

The court on December 10, 2012, held a conference call/status conference with myself and Brinson's attorney, Lee Alford. The court set my case for trial beginning on April 13, 2013. The court also issued a new docket control order at this hearing, ordering that dispositive motions be set by February 8, 2013.

Brinson and I filed competing summary judgment motions. Although Brinson did not give me "notice" that he had filed a proposed "Final Judgment" with the court. The court signed the "Final Judgment" on March 25, 2013.

At no time did SPDA or BMC notify me as to any defect it believe was in the service of process because neither filed an answer or made any special appearance before the court.

The record clearly reflect that I effected service of process upon both SPDA and BMC on January 24, 2006. Neither SPDA or BMC complained that it was not properly served.

Although Brinson is part-owner of SPDA and BMC. Brinson did not at any time through his attorney D. Lee Alford ("Alford") give any answer or appear before the court in his corporate capacity for SPDA and BMC. Brinson appeared before the court as an individual, as he was sued in his individual capacity.

Brinson committed common-law fraud because he had Alford to prepare and file the "Order of (Partial) Dismissal for Want of Prosecution" with the court without notice to me. Brinson made the false representation to the trial court (a third party) with the intent or expectation that it be repeated to deceive me.

Neither SPDA, BMC, or myself requested that the trial court sign any "Order of (Partial) Dismissal for Want of Prosecution." The representation was material because it was important to me in making a response/objection to such a proffered "Order of (Partial) Dismissal for Want of Prosecution."

SPDA and BMC has stated in their "Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment" that "Obviously, Brinson wanted that Judgment to be 'final,'" which could not happen while Harrell's claims against BMC and SPDA remained pending. One approach would be to seek severance of the claims against Brinson from the claims against BMC/SPDA. This approach would have been time consuming and expensive, as demonstrated

Plaintiff Artis Charles Harrell's Unsworn Declaration
in Support of Motion for New Trial (ATTACHMENT)
page 2

by Harrell's tendency to file multiple pleadings related to every issue. The other approach would be for the claims against BMC/SPDA to be dismissed."

SPDA and BMC has admitted that Brinson was the individual who "drafted the proffered Order of Dismissal."

Unless the record reflect that Alford had made an appearance on behalf of SPDA and BMC. Brinson was without authority to file the drafted proffered Order of Dismissal without notice to me.

Brinson knew that he was making a false representation, and he intended for me to rely on the "Order of (Partial) Dismissal for Want of Prosecution," and I did rely on it because I was forced to seek an appeal as a result. This false reprentation caused my case against SPDA and BMC to be dismissed without notice. I was "induced" and/or "tricked" by Brinson's misconduct into allowing any and all filing deadlines to pass. Under the circumstance of Brinson's false representation, it can be said that the court, by its signing Brinson's proffered "Order of Dismissal," did not give me notice of its intent to dismiss.

Diligence is an element of statute of limitations. The record clearly reflect that SPDA and BMC was served with Citation on January 24, 2006. Diligence in obtaining service of Citation becomes a relevant issue in the context of the statute of limitations because I filed my lawsuit prior to the statutory deadline. There is no record evidence or claim made by SPDA and BMC, prior to the dismissal, that they were not properly served and that they filed the "drafted and proffered the order of dismissal." In the instant case, service upon SPDA and BMC relates back to the date of filing, for purposes of limitations. The return of the Citations in and of itself is clear and convincing evidence that SPDA and BMC was served with Citation. SPDA and BMC simply never did complained that neither was not served or properly served with Citation.

My response to the defendants' motion for summary judgment, I've negated, as a matter of law, the existence of at least one element of the defendants' affirmative defense of statute of limitations. The Citations on file with the Harris County District Clerk's Office is enough to raise a fact issue.

I, Artis Charles Harrell, being presently incarcerated in TDCJ, W.G. McConnell Unit, in Bee County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the 31st day of August, 2015 _Artis Charles Harrell_

Plaintiff Artis Charles Harrell's Unsworn Declaration
in Support of Motion for New Trial **(ATTACHMENT)**
page 3

## Certificate of Service

The undersigned hereby certifies that this document has been forwarded to the following counsel in the marrer set forth below on the 31st day of August, 2015.

Artis Charles Harrell
Pro se - TDC# 1334295
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

D. Lee Alford
Texas Bar No. 01011450
219 North Main
Suite 300
Bryan, Texas 77803

Counsel for defendants
FIRST CLASS MAIL

Plaintiff Artis Charles Harrell's Unsworn Declaration in Support of Motion for New Trial (ATTACHMEMT)
page 4

# NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

I _Artis Charles Harrell_ (insert offender name and TDCJ number), being presently incarcerated in _McConnell_ (insert TDCJ unit name), in _Bee_ County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _31_ day of _August_, 20_15_.

_____
(Offender Signature)"

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE # 1334295
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____
(Signature - Notary)

_____
8/31/15
(Date)

EXP 9/3/17

4/10/2015 4:55:10 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4852035
By: SWEENEY, PAUL H
Filed: 4/10/2015 4:55:10 PM

CAUSE NO. 2014-68877

ARTIS CHARLES HARRELL          |    IN THE DISTRICT COURTS OF

v.

S.P. DAIRY ASHFORD, LLC D/B/A "SALON
PARK" AND BRINSON MANAGEMENT        HARRIS COUNTY, TEXAS
CORPORATION                                   *189 th*
                                         334TH JUDICIAL DISTRICT

## FINAL JUDGMENT

On this date the Court considered motion for summary judgment filed herein by

Defendants S.P. Dairy Ashford, LLC ("SPDA") and Brinson Management Corporation

("BMC"). It is hereby

    **ORDERED** that the motion for summary judgment filed by Defendant SPDA is

*granted* (sustained) in its entirety and that all relief sought therein is granted. It is therefore further

    **ORDERED** that the motion for summary judgment filed by Defendant BMC is *granted* sustained

in its entirety and that all relief sought therein is granted. It is therefore further

    **ORDERED** that Plaintiff Artis Charles Harrell take nothing by the claims he has asserted

in this matter and that all relief not granted herein is denied. *This is a final appealable judgment.*

    SIGNED on the _____ day of ___ **AUG 18 2015** ___ in the year _____.

                                      Judge Presiding

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Final Judgment

Z:\0609-salon-park\02-harrell-2\30-pdg\judgment-msj.wpd                       Page 1

CONFIRMED FILE DATE: 9/3/2015

CAUSE NO. 201468877

ARTIS CHARLES HARRELL             §        IN THE 189th JUDICIAL
                                  §
                                  §
vs.                               §        DISTRICT COURT OF
                                  §
                                  §
S.P. DAIRY ASHFORD d.b.a.         §
SALON PARK & BRINSON              §
MANAGEMENT CORPORATION            §        HARRIS COUNTY, TEXAS

PLAINTIFF ARTIS CHARLES HARRELL'S AFFIDAVIT/UNSWORN DECLARATION
OF INABILITY TO PAY COSTS FOR MOTION FOR NEW TRIAL
AND APPELLATE FEES

I, Artis Charles Harrell, declare, depose, and say I am the Plaintiff in the above entitled case. In support of my inability to pay costs to proceed without being required to prepay fees, costs, or give security thereof, I state because of my proverty, and incarceration, I am unable to pay in advance the filing fees for said proceedings or give security for the filing fees. I believe I am entitled to relief.

(1)  I am not employed nor do I earn any income because I am an inmate of TDCJ-CID;
(2)  I do not have a spouse;
(3)  I own no real or personal property;
(4)  I hold no cahs nor any amounts on deposits;
(5)  I have no assests;
(6)  I have no dependents;
(7)  I have no debts;
(8)  I have no monthly expenses;
(9)  I do not have the ability to obtain a loan for court costs;
(10) No attorney is providing free legal services; and
(11) No attorney has agreed to pay for advance court court costs.

I understand a false statement in this unsworn declaration will subject me to penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.

Signed this the 31th day of Sugust, 2015.

_____          /33 4/295
Plaintiff's signature                     TDC#

ATTACH IS A COPY OF MY INMATE TRUST ACCOUNT FOR THE PAST SIX (6) MONTH

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE         08/31/15
ML18/JJ00067              IN-FORMA-PAUPERIS DATA                  13:37:07
TDCJ#: 01334295 SID#: 03455691 LOCATION: MCCONNELL       INDIGENT DTE: 08/20/15
NAME: HARRELL,ARTIS CHARLES              BEGINNING PERIOD: 02/01/15
PREVIOUS TDCJ NUMBERS: 00600800 00828408
CURRENT BAL:         0.00 TOT HOLD AMT:       0.00 3MTH TOT DEP:      210.00
6MTH DEP:          554.75 6MTH AVG BAL:      19.97 6MTH AVG DEP:       92.46
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
07/15     60.01          50.00         04/15    159.77          209.75
06/15     30.02          65.00         03/15     60.00           70.00
05/15    187.89          95.00         02/15     35.00           65.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Bee_
ON THIS THE _3l_ DAY OF _August_, _15_, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _1334295_ OR SID NUMBER: _____



JOE RICHARD MARTINEZ
NOTARY PUBLIC
STATE OF TEXAS
NOTARY WITHOUT BOND
My Commission Expires 09-03-2017

```
JU2FN (NSD#)     JUSTICE INFORMATION MANAGEMENT SYSTEM     OCT 12, 2015(C1)
INT6510               CIVIL CASE INTAKE                OPT: _____  -  INT
                    GENERAL PARTY INQUIRY              PAGE: __1 -    1

CASE NUM: 201468877__ PJN> __  TRANS NUM: _____ CURRENT COURT: 189 PUB? _
CASE TYPE: BREACH OF CONTRACT          CASE STATUS: DISPOSED (FINAL)
STYLE: HARRELL, ARTIS CHARLES          VS S P DAIRY ASHFORD L L C (DBA SALO
==============================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                         STAT
_      00005-0001 AGT         BRINSON MANAGEMENT CORPORATION
_      00004-0001 AGT         S P DIARY ASHFORD L L C (DBA S
_      00003-0001 DEF 01011450 BRINSON MANAGEMENT CORPORATION   ALFORD, D. LE
_      00002-0001 DEF 01011450 S P DAIRY ASHFORD L L C (DBA S   ALFORD, D. LE
_      00001-0001 PLT         HARRELL, ARTIS CHARLES            PRO-SE




==> (5) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```